

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ETHEL CAROLYN HUNT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1613-HFF-BHH |
| | § | |
| RICHARD H. WARDER, DAVID D. | § | |
| ARMSTRONG, and R. KINARD JOHNSON, | § | |
| | § | |
| Defendants. | § | |

**ORDER DISMISSING THE CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

**I.     INTRODUCTION**

This is an action based on negligence and fraud. Petitioner is proceeding *pro se*. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which she suggests that the claims be dismissed. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.    STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Hendricks filed her report on April 18, 2005. Plaintiff's objections to the report were due on June 28, 2005; however, Plaintiff filed her objections on June 29, 2005. In the absence of timely-filed objections to the report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, out of an abundance of caution, this Court will address Plaintiff's objections.

### III.     PLAINTIFF'S OBJECTIONS

*A.     Subject-Matter Jurisdiction*

Plaintiff argues that subject-matter jurisdiction exists over this matter. Federal courts have the jurisdiction to hear civil actions that either raise a federal question[1] or involve a controversy between parties of different states[2]. Since all parties involved in the instant case are citizens of South Carolina, this case must present a federal question for this Court to have jurisdiction.

The well-pleaded complaint rule requires Courts to determine jurisdiction solely on the claims made in Plaintiff's complaint. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, ___ (2004); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463, U.S. 1 (1983). Because Plaintiff is proceeding *pro se*, however, this Court must give her complaint a liberal construction to avoid the dismissal of a potentially meritorious claim. *See Estells v. Gamble*, 429

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitutions, law, or treaties of the United States." 28 U.S.C. § 1331 (2005).

[2] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1) (2005).

U.S. 97, 106 (1976); *Gordon v. Leeke*, 574 F.2d 1147, 1150 (4th Cir. 1978). Even with a liberal construction, Plaintiff's complaint fails to raise a federal question. Plaintiff asserts that with more proof she will be able to establish a federal question. "[J]urisdiction must be determined not upon the conclusion on the merits of the action, but upon consideration of the grounds upon which federal jurisdiction is invoked." *Flanders v. Coleman*, 250 U.S. 223, 228 (1919). Plaintiff's complaint lacks any such grounds. Thus, this Court is without subject-matter jurisdiction.

  B. *Other objections*

In light of this Court's lack of subject-matter jurisdiction, the Court declines to address Plaintiff's remaining objections.

**IV. CONCLUSION**

Therefore, after a thorough review of the report and the objections pursuant to the standard set forth above the Court overrules Plaintiff's objections and adopts the report to the extent that it does not contradict this order. Accordingly it is the judgment of this Court that the action be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2005, in Spartanburg, South Carolina.

                s/ Henry F. Floyd
                HENRY F. FLOYD
                UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.